UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

MICHAEL PREWITT,

    Plaintiff,

v.

DANNY PREWITT, ET AL.,

    Defendants.

Civil Action No. 6:18-329-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Michael Prewitt is a resident of Corbin, Kentucky.  Proceeding without a lawyer, Prewitt filed a civil rights complaint with this Court [R. 1], as well as a motion for leave to proceed *in forma pauperis* [R. 3] and motion to appoint counsel [R. 4].

As an initial matter, the Court will grant Prewitt's fee motion and allow him to proceed as a pauper.  That is because the financial information Prewitt has provided indicates that he lacks enough assets or income to pay the filing and administrative fees in this case.  That said, the Court has conducted an initial review of Prewitt's case pursuant to 28 U.S.C. § 1915(e)(2), and it is clear that his submission is frivolous.

Years ago, Prewitt filed a complaint in state court alleging that "his brother and sister-in-law improperly transferred title of his vehicle and refused to return certain items of personal property, thereby committing tortious acts of conversion and trespass to chattels."  [R. 1-1 at 5].  Prewitt's brother and sister-in-law moved for summary judgment, arguing that "transfer of title occurred with Michael's knowledge and permission.  As evidence, they pointed to transfer documents and the deposition of . . . the loan officer involved in the transfer."  [*Id.*].  That loan officer stated that Prewitt "attended the transfer of title and signed the transfer documents."  [*Id.*].

The trial court granted summary judgment in favor of Prewitt's brother and sister-in-law, and it denied Prewitt's subsequent motions to set aside the order and vacate the grant of summary judgment. [*Id.* at 5-6]. Prewitt appealed, but the Kentucky Court of Appeals affirmed the trial court's order. [*Id.* at 10]. Then, in September 2018, the Kentucky Supreme Court entered an order denying Prewitt's motion for discretionary review. [*Id.* at 3].

In a response to the Kentucky Supreme Court's decision, Prewitt filed a document with this Court titled "Notice of Petition; and Verified Petition For Warrant of Removal." *See Michael Prewitt v. Danny Prewitt et al.*, No. 6:18-cv-259-GFVT at R. 1 (E.D. Ky. Oct. 12, 2018). Although Prewitt disagreed with the result reached in state court, he did not identify any legal authority allowing him to collaterally challenge that result in federal court. Simply put, Prewitt's submission was procedurally improper and, thus, this Court dismissed his claims. *See id.* at Rs. 6, 7.

Instead of appealing the Court's decision, Prewitt has now filed this new civil action. R. 1. In Prewitt's latest submission, he discusses his physical and mental health problems at length, including but not limited to the fact that he suffers from a delusional disorder, describes what he calls "the on going 55 year war of injustice" in which he "puts Corrupt Officials out the door for their corrupt ways," and cites "the International Covenant on Civil and Political Rights and the Universal Declaration of Human Rights, with Reservations," among several other sources of law. *See id.* at 4-8. Ultimately, Prewitt's complaint is difficult to follow, and while he attempts to assert numerous claims against several different defendants, it is clear that he is once again trying to collaterally attack the decisions recently reached in state court without identifying any legal authority that would allow him to do so. *See id.* at 9-10 (discussing the vehicle in question and claiming that he was "some how tricked out of his property" by the various named defendants). Thus, the Court will once again dismiss Prewitt's claims. *See also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (making it clear that a district court may also *sua sponte* dismiss a complaint

if the allegations contained within it are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Accordingly, it is **ORDERED** as follows:

1. Prewitt's motion for leave to proceed *in forma pauperis* [R. 3] is **GRANTED**, and payment of the filing and administrative fees in this case is **WAIVED**.

2. Prewitt's claims [R. 1] are **DISMISSED**, and this action is **STRICKEN** from the Court's docket.

3. All other pending motions are **DENIED** as moot.

4. A corresponding Judgment will be entered this date.

Dated January 3, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY